UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **LEWIS LYTTLE,** | **CIVIL ACTION NO. 6:16-114-KKC** |
| **Plaintiff,** | |
| V. | **OPINION & ORDER** |
| **ROB FARLEY, et. al.,** | |
| **Defendants.** | |

\* \* \* \* \* \* \*

This matter comes before the Court on Plaintiff Lewis Lyttle's Motion for Leave to File First Amended Complaint. (DE 24, 25). Lyttle requests that the Court issue an order granting him leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). For the following reasons, the Court will **GRANT** Lyttle's motion.

**I**

This suit arises as a result of injuries Plaintiff Lewis Lyttle allegedly sustained during an altercation with police in the parking lot of the Harlan Appalachian Regional Hospital. On June 17, 2016, Lyttle filed suit naming Sergeant Rob Farley, Trooper Jimmy Halcomb, Trooper Kevin Miller, and Trooper Josh Howard as defendants. (DE 1). Lyttle alleges four counts in his original complaint, all pursuant to 28 U.S.C. § 1983: (1) that the Defendants are liable for violating his Fourth and Fourteenth Amendment rights against unreasonable searches and seizures and "to be free from excessive force;" (2) that Defendant Farley "intentionally, knowingly, and recklessly failed to instruct, supervise and control all Defendant officers in their to duties to refrain from unlawfully and maliciously assaulting and beating plaintiff . .

1

. amounting to [] deliberate indifference"; (3) that all Defendants acted with malicious intent or at least deliberate indifference in failing to protect Lyttle from violence while in police custody; and (4) that all Defendants acted in concert to perform unlawful or tortious actions.

After the original Defendants filed their answer (DE 4), the parties conducted a Rule 26(f) Conference, in which they, in part, agreed that Lyttle would have until December 31, 2016, to join additional parties to the suit. (DE 7). On September 15, 2016, the Court entered a Scheduling Order (DE 8) and, after joint motion by all parties, the Court entered an Amended Scheduling Order (DE 18). Neither Scheduling Order set any deadlines for amending the pleadings or joining additional parties.

Lyttle now seeks leave to amend his complaint for the first time. Lyttle wishes to assert additional claims and to add additional defendants to the suit, as well as to clarify his original complaint. Specifically, Lyttle seeks to add the following claims: (1) malicious prosecution under § 1983 and state law; (2) intentional, reckless, or negligent infliction of emotional distress under state law, (3) abuse of pre-trial detainee under § 1983; and (4) negligence or gross negligence under state law. Lyttle also seeks to add Kentucky State Police officers Jason Adams and Phillip Burnett, along with "any and all unknown defendants." Lyttle adds Defendants Adams and Burnett to his original claim for supervisory liability under § 1983 and, though it is not entirely clear from the proposed amended complaint, to his original conspiracy claim, in what Lyttle describes as "aimed at the post arrest conspiracy of both Adams

2

and Burnett in regards to the June 15, 2016 charges . . ." (DE 28, at 9) for "pressuring inculpatory witness statements, suppressing and concealing exculpatory and impeachment evidence[,] and [for not coming forward with the truth of their own misconduct]." (DE 24-3, Amended Compl. ¶ 42). The Defendants oppose Lyttle's motion. (DE 27).

## II

Lyttle moves to amend his complaint under Rule 15. Because the window for amending his complaint as a matter of course has closed, *see* Fed. R. Civ. P. 15(a)(1)(A)-(B), Lyttle may only amend with written consent from the Defendants or the Court's permission. Fed. R. Civ. P. 15(a)(2). The Defendants oppose the motion, here, so it is solely within this Court's discretion to grant Lyttle's motion for leave to amend.

Rule 15(a)(2) provides that leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The granting or denial of a motion to amend is within the sound discretion of the Court. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). A district court should consider the following factors in ruling on a party's motion to amend: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990); *see also Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2014) (listing *Foman* factors).

The Defendants oppose Lyttle's motion for two reasons, one general and one more specific to his conspiracy claim. First, the Defendants argue that the parties agreed that Lyttle had until December 31, 2016, by which to amend his complaint. To allow him to amend now, the Defendants argue, would allow him to circumvent the agreement of the parties. (DE 27, at 6-7). Instead, they argue "[w]here the Court's scheduling orders are silent as to these deadlines, the Plaintiff should be held to the deadlines agreed by the attorneys." (DE 27, at 6). While cognizant of the agreement made between the parties, a Rule 26(f) joint report is not an order of this Court, and where the rest of the record bears no indication that the Scheduling Order dictated further amendments to the pleadings would be barred, the Court will not bar the motion on that ground, or to be more specific, subject the current motion for leave to Rule 16(a)–(b)'s "good cause" standard.

Instead, the Court understands the Defendant's argument to suggest that by not filing a motion by the Rule 26(f) deadline, the motion is untimely and one of undue delay. (DE 27, at 7) ("[The deadline] gave almost five months to amend the Complaint and nothing was done toward filing a motion for leave to amend until February 15, 2017."); (DE 27, at 8) ("[I]f Plaintiff's counsel had bothered to do any investigation of the matter before he filed the lawsuit or if he had been concerned about trying to figure out what was really going on here, he might have been able to put a coherent complaint together from the beginning."). With these complaints, however, the Defendants do not suggest any cognizable prejudice short of annoyance with the way Lyttle has prosecuted his case. Delay alone ordinarily does not justify denial of leave

4

to amend. *See Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Instead, "delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Morse*, 290 F.3d at 800 (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)).

The Defendants do not argue that they were prejudiced here by the delay or that Lyttle has acted in bad faith. Nor would any such arguments be persuasive. The record shows that Lyttle has been diligent in investigating his claims. And, if any delay in discovery has occurred, it can be attributed to both parties in this case. (DE 28, at 7). At bottom, discovery is still in its infancy, as the parties have only exchanged interrogatories and not yet conducted any depositions. Under the current Amended Scheduling Order, the parties have until the end of November 2017 to complete discovery. (DE 18). While the scope of discovery may be affected or the contours of the case may change, amending the complaint would not place an unfair or undue burden on the Defendants. Thus, a review of the record reveals no reason to deny the amendment on equitable grounds.

Second, the Defendants argue that the Court should not grant the motion for leave to amend to add the new parties because "there is absolutely no merit to the claims made against them." (DE 27, at 7).

Regardless of any equitable grounds for allowing a plaintiff to amend a complaint, this Court may still deny a motion for leave to amend "when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003)); *Click v.*

5

*Thompson*, 926 F. Supp. 2d 972, 973 (E.D. Ky. 2013) ("However, the Court may still deny the motion if the proposed amendment does not correct the complaint's fatal flaws."). However, in this case and at this juncture, the Court cannot say based on upon the information before it that the proposed amendments are futile. The conspiracy claim involving Adams and Burnett relates to the June 15, 2016 incident and, when considering the facts alleged in the complaint as true, that claim is not on-its-face destined to fall victim to a motion to dismiss. Nor does the claim substantially change the theory of the case that it could be considered prejudicial to the Defendants. *See generally* 6 Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed.).

Moreover, the parties have not fully briefed the issues, and the Court is reluctant to make what would be tantamount to a dispositive ruling at this point in the proceedings. The Court finds that the best and most appropriate course at this juncture is to permit the Lyttle to amend, which would still allow the Defendants to present their arguments in favor of dismissal through a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. *See United States ex. rel. Griffth v. Conn*, No. 11-157, 2015 WL 8682294, at *3 (E.D. Ky. Dec. 11, 2015) ("The proper vehicle to address an amendment that is subject to dismissal—but not *clearly* so—is a standalone motion to dismiss, rather than a motion for leave to amend a complaint.") (emphasis in original).

This motion is not one made with little time left for discovery or one made on the eve of trial. While the motion does seek to add new parties and new claims, the Court does not find that any *Foman* factors, especially those discussed above,

6

necessitate denying Lyttle's motion for leave to amend. Thus, in light of the current posture of this case, the Court concludes that amendment is proper under the liberal standard of Rule 15.

### III

Accordingly, **IT IS HEREBY ORDERED** that the Plaintiff Lyttle's motion for leave to amend the complaint (DE 24, 25) is **GRANTED**.

Dated March 6, 2017.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY